JOAN M. SLADE et al., Landlords, Appellants, *v.* LOUIS HORNICK COMPANY, INC., Tenant, Respondent.

Supreme Court, Appellate Term, First Department, June 25, 1947.

*Frederick E. Zane* for appellants.

*Louis W. Osterweis* for respondent.

SHIENTAG, J. The petition alleges that three out of five owners in common of real property seek in good faith to recover possession for their immediate and personal use, and allege that they have an equity of not less than 25% of the purchase price and an interest of not less than 50% of the whole investment in the business which they propose to carry on in the space. The tenants in common are respectively attorneys at law, a medical doctor, and one nonprofessional man. One of the attorneys, the doctor and the nonprofessional man are the owners of all the stock in the corporation which it is intended shall do business in the premises.

Under the emergency rent statute possession may be awarded to a person who acquires title to a building and who seeks in good faith to recover possession for his immediate and personal use.

The question herein presented is whether a number of tenants in common may permit a selected number of them to take possession of the common property. The law is clear that one or more of a number of tenants in common is entitled to possession of property (*Erwin* v. *Olmstead,* 7 Cow. 229), and no one can complain of the exclusive use of the common property by one tenant except his cotenant. Tenants in common are competent to agree among themselves that one of them shall have exclusive possession of the common property (*Hudson* v. *Swan,* 7 Abb. N. C. 324; *Corbett* v. *Lewis,* 53 Pa. 322). In view of these rules of law, the three tenants who own the business

which is to be operated on the premises have such an interest as satisfies the requirements of the Commercial Rent Law (L. 1945, ch. 3, as amd.).

The Trial Court did not pass on the question of good faith, and a new trial must be had to determine the issues in accordance with this opinion.

The final order should be reversed and a new trial ordered, with $30 costs to appellants to abide the event.

HECHT, J. (dissenting). I dissent from reversal.

This proceeding is brought under subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.) by five landlords — two women and one man, each a lawyer, another man a medical doctor, and the fifth a nonprofessional man — three of whom seek possession for the purpose of manufacturing custom made furniture under the corporate name Cabinet Craftsmen, Inc., said three petitioners being the owners of all the stock of the corporation.

The theory of the reversal of the tenant's final order is that as tenants in common petitioners are entitled to possession.

The section of the emergency statute relied upon does not mention tenants in common. It does however expressly provide that the remedy is available only where recovery is sought in good faith for the immediate and personal use of the landlord.

Clearly this is a case where possession is not sought in good faith for the immediate and personal use of the landlords.

McLAUGHLIN, J., concurs; HECHT, J., dissents in opinion.

Final order reversed, etc.