Frank J. Kronenberg, J.
A question has arisen in this partition action as to the interest in the premises of defendant Morden.
Plaintiff Binkley and defendant Morden were husband and wife in 1940 when they entered into a land contract to purchase from a bank the premises which are the subject of this action. They duly made the monthly payments required by the contract and, in 1945, having paid the full purchase price, received from the bank a deed which vested title in them as tenants by the entirety. The deed was recorded in June, 1945.
In 1948 the plaintiff and defendant mortgaged the premises in order to raise money for plaintiff to operate a restaurant in another part of the City of Niagara Falls. The mortgage was discharged in 1954.
Meanwhile the parties’ marriage had encountered difficulties with the result that plaintiff obtained a default judgment of divorce in the Supreme Court, Niagara County, in December, 1950, which became final the following March,
*275 While the divorce suit was pending, plaintiff caused to be prepared by his then attorney and signed by defendant, the following indorsement on the 1940 land contract:
Niagara Falls, N. Y.
December —— 1950
For a good and valuable consideration 1 hereby assign, sell, transfer and set over all my right, title and interest in and to the above entitled contract between the Power City Trust Company and Ralph Binkley and Myrtle Binkley, to said Ralph Binkley, to have and to hold singly and alone all my right, title and interest in and to said property therein described.
I further direct that any deed to be given hereinafter shall be made out to said Ralph Binkley alone.
Myrtle Binkley
Myrtle Binkley
Plaintiff testified that this untimely writing was prepared and signed because he thought he and defendant were merely contract vendees; he did not realize that the contract had been paid in full and the deed in pursuance thereof duly delivered and recorded five years earlier (in 1945).
Plaintiff contends that he owns the premises and defendant has no interest therein; in the alternative, if defendant is co-owner, plaintiff feels her interest should be charged with part of the mortgage payments, taxes and repairs paid by plaintiff.
Defendant’s view is that she is an equal tenant in common with plaintiff and his interest should be charged with the rental value of his occupancy of the premises since the divorce.
It is undisputed that the effect of a divorce on property held by the entireties is to change the title thereto into a tenancy in common and the tenants are presumed to be equal. (Yax v. Yax, 125 Misc. 851, affd. 217 App. Div. 714.)
The question here is as to the effect of the “assignment” indorsed on the land contract in December, 1950. The court concludes that the writing did not affect the title to the premises. It purports to do no more than transfer defendant’s interest in a contract which had been fully terminated five years previously. Such interest was valueless, but it was what plaintiff wanted and he recived just what he wanted — no more and no less.
Plaintiff may not compel a deed from defendant through a decree of specific performance, because there is no evidence either in or dehors the “ assignment ” of any definite promise to convey.
Nor may plaintiff have the writing reformed so as to transmute it into a deed. The evidence is that the parties intended *276 an assignment of the land contract, not a deed. True, plaintiff in his ignorance believed the assignment was all he needed to acquire the premises, but, as pointed out in Warren’s Weed, New York Eeal Property (Yol. 4, p. 646): “ Where the mistake of the one is not induced by the fraud of the other but result^ from his own ignorance, he will not be granted relief.”
Plaintiff gains nothing through having persuaded the City Assessor to recognize the writing as vesting sole title in plaintiff. The assessment rolls need now show only the reputed owner (Eeal Property Tax Law, § 502) and not even that was required under former section 21 of the Tax Law.
The necessary conclusion is that the parties are equal tenants in common. (Yax v. Yax, supra.)
The court does not agree with defendant that plaintiff should be charged for occupancy of the premises. Such charge may be levied only when a tenant has ousted his cotenant or has agreed to pay rental to the cotenant. (5 Warren’s Weed, op. cit., p. 728.) Here, the parties evidently contemplated that plaintiff occupy the home from and after the divorce. The "writing signed by defendant assigning the contract may fairly be taken as evincing such intent.
However, plaintiff’s .sole occupancy means that his payment of the mortgage, taxes and repairs was primarily for his benefit and it would not be equitable to charge defendant with any part thereof, she having had no part of the occupancy. Nor does it appear the parties contemplated other than that plaintiff’s occupancy be coupled with the burdens of overhead and upkeep.
To conclude, the court finds and decides that plaintiff and defendant share equally in the proceeds of the partition sale.