Thomas A. Aurelio, J.
This controversy was submitted to the court for decision upon an agreed statement of facts, the essentials of which are as follows:
The plaintiff and defendant, Flora Mae Sweeney, were married in 1925. On June 25,1926 they acquired title, as tenants by the entirety, to a one-family residence. In 1944 the parties were separated and an agreement executed by them provided, in part, as follows: ‘ ‘ The parties hereto now being co-owners *346 of premises number 248-47 88th Road, Bellerose, New York City, presently occupied by the husband, do hereby agree that the husband shall continue to occupy said premises free of any charge or claim for rent or other compensation for the use and occupation of said premises and free of any claim or right by the wife for use or occupation of said premises. The husband agrees to pay all taxes, interest and amortization on the mortgage and other carrying charges that may become due and payable on said premises. It is further agreed that the husband shall have the right, in his discretion, to sell the said premises without the wife’s prior consent and the wife agrees that upon any such bona fide sale of the premises, she will join in the conveyance and execute all documents necessary or convenient to transfer title to said premises upon payment to her of one-half of the net proceeds of such sale after deduction of all liens, encumbrances, commissions, legal fees and other expenses or charges arising out of said premises and the sale thereof.”
On September 6,1944 the defendant Flora Mae Sweeney, then known as Flora Mae Regan, executed another instrument which, in effect, provided the same thing — to be effective upon the entry of a final decree of divorce.
On December 13, 1944 a decree of divorce was entered in Florida in favor of said defendant against the plaintiff. Both parties have since remarried.
During the period from 1944 to 1963 while plaintiff occupied the premises, he paid off a mortgage in the sum of $3,500, made improvements of $4,100, and paid taxes, water and sewer rents, all of which amounted to $11,000.
The subject premises were sold on February 17, 1965, and the net sum of $18,132.29 was realized on the sale. Of this sum $6,000 was paid to plaintiff and $6,000 was paid to the defendant Flora Mae Sweeney. The balance of $6,132.29 was deposited in an escrow account in the name of the respective attorneys, the defendants Einhorn and Friedler, and it is this deposit which is the subject of the action herein.
Plaintiff claims the entire sum as partial reimbursement for carrying the property the past years, while the defendant Flora Mae Sweeney contends that she is entitled to one half of the remaining balance in escrow.
Where a husband and wife own real estate as tenants by the entirety and are divorced, they hold the property as tenants in common. (Yax v. Yax, 240 N. Y. 590; Albin v. Albin, 26 Misc 2d 383.) It is our settled law that an individual tenant in common may occupy property thus held without incurring liability for the payment of rent or for use and occupation so long as he *347 does not exclude the cotenant from the exercise of similar rights. (Matter of Hazley, 166 Misc. 745; Tarbox v. Hulett, 272 App. Div. 633,) Tenants in common are competent to agree among themselves that one of them shall have exclusive possession of the common property. (Slade v. Hornick Co., 189 Misc. 104.)
In the instant case the parties contemplated that the plaintiff would occupy the home exclusively from and after the divorce. The separation agreement evinces such intent. It further seems abundantly clear from the agreement itself that it was the intention of the parties that plaintiff should pay all the carrying charges on the home during his exclusive occupancy thereof. His payment of the mortgage, taxes, repairs and improvements, such as he desired, was primarily for his benefit and it would not be equitable to charge defendant Flora Mae Sweeney with any part thereof, she having had no part of the occupancy. Nor does it appear the parties contemplated other than that plaintiff’s occupancy be coupled with the burden of overhead and upkeep. (Binkley v. Morden, 34 Misc 2d 274.)
Accordingly, I find that both plaintiff and the defendant Flora Mae Sweeney are entitled to share equally in the balance of the purchase price which is being held in escrow by their attorneys who are also named as defendants herein. Since both parties were represented at the sale of the property by their respective attorneys, each will be responsible for his or her own attorney’s fee. By agreement, no costs are awarded in this action.