Stanley S. Ostbatt, J.
This is an action pursuant to section 1201 of the Beal Property Actions and Proceedings Law, for recovery of one half of the rents collected by a tenant in common. The parties have stipulated to the basic facts. It appears that the real property involved, a two-family house, was owned, since prior to 1957 by Luigi Palladino and Natalina lovelli as tenants in common. Bach solely occupied an apartment in the building and each shared equally in the payment of real estate tax, water, sewer, fuel, insurance and outside repairs. Bach paid separately for repairs in their separate apartments. On December 5, 1970 Natalina lovelli conveyed her interest to the defendant herein and vacated her separate apartment which wes thereafter occupied by tenants who paid rent directly and solely to the defendant. In all other respects the original arrangement continued until the death of Luigi Palladino on November 11, 1971, The plaintiffs, daughters of the decedent, succeeded to his interest under his will. On August 27, 1973 the parties herein sold the property. Plaintiffs never occupied their father’s apartment which remained vacant until the sale.
¿Prom the date of the father’s death, the expenses of maintaining the property continued to be shared equally by plaintiffs and defendant and defendant continued to collect the rent for the apartment of her predecessor in title. No demand was ever *447 made by plaintiffs for any portion of the rents so collected by defendant until after the sale and in connection with distribution of the proceeds thereof. Recovery is sought for one half of the rents collected by defendant from December, 1971 through August, 1973 excepting a period of three months during which the apartment was vacant.
Plaintiffs’ claim is based solely on the long-established principle in this jurisdiction as codified in section 1201 of the Real Property Actions and Proceedings Law that compels a tenant in common to account to his cotenant for rents received by him from third persons (Roseboom v. Roseboom, 15 Hun 309; Woolever v. Knapp, 18 Barb. 265). This simplistic approach wholly ignores the realities of the contractual relationship between these parties and their predecessors in title. Despite the basic concept of unity of possession inherent in tenancies in common, tenants in common are competent to agree among themselves that one of them shall have exclusive possession of the common property (Egan v. Sweeney, 50 Misc 2d 345, affd. 27 A D 2d 644, mot. for lv. to app. den. 19 N Y 2d 580; Slade v. Hornick Co., 189 Misc. 104). A fortiori the tenants have the right to divide the possession of the freehold in any manner they desire. In this case it is conceded that the predecessors in title of both parties agreed that each would have exclusive and separate possession and dominion with respect to each of the separate apartments and that both would share in all of the other expenses of maintaining the general property. ‘1 A tenant in common who leases or rents only his interest in the common premises is not liable to his cotenants for the rent received” (86 C. J. S., Tenants in Common, § 47, p. 413).
The sole issue in this case is as to whether this long-standing relationship between the parties’ predecessors in title was abrogated or modified on the transfer of the interest of defendants’ grantor or the devise by the father of the plaintiffs. The conduct of the parties, both before and after the devolution of the original interests, evidences no change whatever in the manner of operation of the premises or the interests of the several tenants.
This court finds that no claim or demand was ever made by plaintiffs to vary or modify the quantum or quality of their interest or demand ever made for any portion of the rentals collected by the defendant. The fact that plaintiffs chose not to occupy or’rent their separate apartment was purely voluntary and motivated by the desire to facilitate sale of the property. It is the finding of this court that the plaintiffs, by their conduct, *448 clearly ratified the original contractual arrangement and that this claim was -strictly a legal afterthought without evidentiary basis.
Judgment for defendant.