■ VALERIE HEITZMAN, Respondent, v ANTON HEITZMAN, Appellant. — In a matrimonial action, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Isseks, J.), entered September 12, 1983, as granted that branch of plaintiff wife's motion which sought the appointment of a receiver to sell the marital premises and ordered a hearing on those branches of her motion which sought to hold defendant husband in willful contempt of court for failure to pay alimony arrears and counsel fees; and for failure to place the marital residence up for sale.

Leave to appeal from so much of the order as directed a hearing is granted by Justice Gibbons (see *Levinson v Levinson,* 97 AD2d 458; *Bagdy v Progresso Foods Corp.,* 86 AD2d 589).

Order modified, on the law, by deleting the provision thereof which directed a hearing on that branch of plaintiff's motion which sought to hold defendant in willful contempt with regard to his failure to pay alimony arrears and counsel fees and substituting therefor a provision denying that branch of the motion. As so modified, order affirmed insofar as appealed from, with costs to plaintiff.

By judgment of divorce dated December 16, 1976, defendant husband was directed to dispose of the marital residence by either purchasing plaintiff wife's interest in the property (should he agree with an appraisal) after deducting certain expenses, or by selling the premises and dividing the proceeds, again after deducting certain expenses.

Two enforcement orders and more than seven years later, defendant has yet to comply with the judgment. On plaintiff's motion, Special Term appropriately ordered the appointment of a receiver to sell the premises. Contrary to defendant's argument, title to the premises was already determined in the divorce decree. Accordingly, a separate and plenary action is not required (cf. *Perry v Perry,* 79 AD2d 851). Nor is defendant entitled, as he argues for the first time on appeal, to an equitable credit representing the value of repairs he made to the premises over his nearly eight-year exclusive possession of the property. The equities clearly do not lie in defendant's favor. He has failed to comply with the judgment and two enforcement orders. The divorce decree rendered him responsible for all carrying charges pending disposition of the property while also guaranteeing his unobstructed right to retain all rents received prior to disposition. During his stay at the marital dwelling, defendant has obstensibly built up a substantial amount of alimony arrears. Under the circumstances of this case, it would not be equitable to effectively charge plaintiff with any portion of the repairs defendant claims to have made (see *Egan v Sweeney,* 50 Misc 2d 345, affd 27 AD2d 644, mot for lv to app den 19 NY2d 580). Moreover, it does not appear that the parties contemplated other than that defendant would be burdened with the expenses of overhead and upkeep during his exclusive occupancy pending disposition of the premises (see *Egan v Sweeney, supra*).

Finally, insofar as Special Term ordered a hearing on that branch of plaintiff's motion which sought to hold defendant in contempt for failing to pay alimony arrears and plaintiff's counsel fees, such was improper. The papers submitted on the motion fail to address the prerequisite in section 245 of the Domestic Relations Law that it must appear "presumptively, to the satisfaction of the court, that payment cannot be enforced

pursuant to section * * * two hundred forty-four of this chapter or section forty-nine-b of the personal property law". Nor does the record demonstrate the ineffectiveness of each of these alternatives. Accordingly, that branch of plaintiff's motion must be denied (see *Keff v Keff,* 95 AD2d 888; *Allen v Allen,* 83 AD2d 708; *Raphan v Raphan,* 63 AD2d 624). Gibbons, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.