■ In the Matter of JAMESTOWN PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 1772, AFL-CIO, Petitioner, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board of the State of New York, Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Public Employment Relations Board which designated assistant fire chiefs in the City of Jamestown as managerial employees.

The fire department of the City of Jamestown in Chautauqua County consists of approximately 90 employees, headed by the fire chief and his four assistant chiefs. On May 29, 1984, the city filed an application seeking to have the job titles of the four assistant fire chiefs (and two police captains) designated as managerial employees in accordance with the criteria set forth in Civil Service Law § 201 (7) (a), part of the Public

Employees' Fair Employment Act (Civil Service Law art 14).* The assistant chiefs have, since 1968, been in the collective bargaining unit represented by petitioner, which opposes the reorganization application. To date, the assistant chiefs have yet to perform in a managerial capacity. The proposed reorganization, which has not yet been implemented, would involve the delegation of management functions to the assistant chiefs and their direct role in both labor negotiations and administration of the union contract. The Director of Public Employment Practices and Representation (Director), after hearings, held that while the mere making of recommendations for negotiating purposes would not, by itself, afford a basis for managerial designation, here, the record evidenced that the city contemplated a significantly broader labor relations role for the assistant chiefs. The Public Employment Relations Board (PERB) affirmed the Director's decision, upholding the management designation based upon future duties under the proposed reorganization plan. This CPLR article 78 proceeding to review the determination ensued and was transferred to this court by consent of the parties.

Initially, we reject petitioner's contention that the statute (Civil Service Law § 201 [7] [a]) requires employees to actually be performing managerial duties before the managerial designation may be made. All that is required is the reasonable expectation that such responsibilities will be given (*Matter of Manchester-Shortsville Cent. School Dist.*, 16 PERB ¶ 3055; *Matter of City of Newburgh*, 16 PERB ¶ 3053; *Matter of City of Binghamton*, 12 PERB ¶ 3099). Consequently, PERB could properly consider the future duties of the assistant fire chiefs under the proposed reorganization in determining whether managerial status was appropriate . This is particularly true here where the city has purposely delayed implementation of

---

* Civil Service Law § 201 (7) (a) defines the term "public employee" as: "any person holding a position by appointment or employment in the service of a public employer, except that such term shall not include for the purposes of any provision of this article other than sections two hundred ten and two hundred eleven of this article * * * persons who may reasonably be designated from time to time as managerial or confidential upon application of the public employer to the appropriate board * * *. Employees may be designated as managerial only if they are persons (i) who formulate policy or (ii) who may reasonably be required on behalf of the public employer to assist directly in the preparation for and conduct of collective negotiations or to have a major role in the administration of agreements or in personnel administration provided that such role is not of a routine or clerical nature and requires the exercise of independent judgment. Employees may be designated as confidential only if they are persons who assist and act in a confidential capacity to managerial employees described in clause (ii)."

the program until a new collective bargaining agreement is reached at which time the assistant fire chiefs would be removed from petitioner's negotiating unit.

Based on the entire record, we find that PERB's decision is supported by substantial evidence. The fire chief testified that the reorganization will require the assistant fire chiefs, who share the second level of command, to each assume a primary area of responsibility and become directly involved in collective bargaining negotiations and administration of the union contract on a rotating basis. As described, the proposed reorganization clearly calls for the exercise of independent judgment on the part of the assistant chiefs in addition to their individual supervisory responsibilities. Considering that the fire chief has had limited assistance in his managerial functions, it was not improper for PERB to find that the assistant chiefs would be assigned managerial responsibilities (see, Matter of Frewsburg Cent. School Dist., 17 PERB ¶ 4025; Matter of Manchester-Shortsville Cent. School Dist., 16 PERB ¶ 3055, supra). Since the decision is neither arbitrary nor affected by an error of law, we defer to PERB's interpretation (see, Matter of Incorporated Vil. of Lynbrook v New York State Public Employees Relations Bd., 48 NY2d 398, 404).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.