■ In the Matter of MICHAEL J. MURPHY, Respondent, v E. LEO MILONAS, as Chief Administrative Judge of the Courts, Appellant. [650 NYS2d 729] —Judgment (denominated an order) of Supreme Court, New York County (Robert D. Lippmann, J.), entered October 11, 1995, which granted the petition to the extent of annulling respondent's rejection of a request for sal-

ary grade reclassification, unanimously reversed, on the law, without costs, the petition to reclassify is denied, and this proceeding is dismissed.

Petitioner is Secretary to a Judge of the County Court in Nassau County. He brought this proceeding to have his salary grade (JG-14) reclassified to JG-17, which had been the salary grade of the now defunct position of Senior Secretary to a Judge, and is now the grade of a Secretary to a Justice or Acting Justice of the Supreme Court. In his petition, and in his earlier letter to the personnel director of the Unified Court System, petitioner urged that the duties, skills, knowledge and ability required for judicial secretaries in County Court and Supreme Court were virtually "identical." Going one step further, his counsel pointed out that County Court Judges were paid the same as Supreme Court Justices, and argued that "Supreme Court Justices in the Criminal Part in New York City handle the same types of cases as County Judges in Nassau County." This last argument evidently struck a responsive chord.

The nisi prius court acknowledged that the jurisdictional power of the County and Supreme Courts differed considerably, and that this would have justified respondent's determination under normal circumstances. But the court then went on to declare the County Court secretarial classification a "legal fiction" in this instance, comparing the actual practice of the two courts and finding the " 'criticality' of their judicial functions", as well as the "demands they place on their personal secretaries", to be so similar as to eliminate any rational basis for differentiating the salary grades of secretaries working in the two courts. This was a misapplication of controlling law.

The starting point in justifying salary grade distinctions of this kind is the jurisdiction of the court (*Matter of Association of Secretaries to Justices of Supreme & Surrogate's Cts. v Office of Ct. Admin.*, 75 NY2d 460). The County Court is a court of limited jurisdiction, both geographically and in terms of subject matter (NY Const, art VI, § 11; Judiciary Law § 190). The Supreme Court, in addition to having concurrent jurisdiction over all matters in any court of limited jurisdiction (except the Court of Claims), has original, unlimited jurisdiction over all cases in law and equity that may properly be brought anywhere in this State (NY Const, art VI, § 7; Judiciary Law § 140-b)—a single, State-wide court with State-wide jurisdiction. The classification and allocation of secretarial titles mirrors these broad differences in the jurisdiction of the courts. Clearly, the

potential demands on a secretary serving a Supreme Court Justice are far greater than on his or her fellow secretary serving a Judge in the narrow, more specialized forum of the County Court.

Administrative determinations concerning grade classifications are subject to only limited judicial review, and will not be disturbed absent a showing that they are wholly arbitrary or without any rational basis (*Cove v Sise*, 71 NY2d 910). Unless the positions are shown to be so substantially similar as to be appropriately termed identical, the denial of reclassification must be upheld as rationally based (*Matter of Civil Serv. Empls. Assn. v Clinton County Dept. of Pub. Health*, 169 AD2d 970, 972). The fact that a particular Nassau County Court Judge (and even his or her secretary) may presently be performing respective duties quite similar to those of some New York City Supreme Court Justices (and their secretaries) provides no justification for departing from the legislatively established secretarial grade structure (*Matter of Tirone v Governor's Off. of Empl. Relations*, 195 AD2d 816). That scale is designed to compensate the secretary for all duties and responsibilities not just currently being performed, but which he or she may be called upon to perform (*see, Matter of Jamestown Professional Firefighters Assn. v Newman*, 126 AD2d 826). Concur—Sullivan, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.