[933 NYS2d 66]

GLORIA TROTTA, Appellant, v CHARLES OLLIVIER, Respondent.

Second Department, November 15, 2011

## APPEARANCES OF COUNSEL

*Andrews & Andrews*, New York City (*Edward S. Andrews* of counsel), for appellant.

**OPINION OF THE COURT**

DILLON, J.P.

Very sparse case law exists interpreting the scope of RPAPL 1201. The statute is central to whether the complaint in this case states a cause of action that may survive a motion to dismiss pursuant to CPLR 3211 (a) (7). We address here, for the first time in any New York appellate court, whether the estate of a joint tenant may sue a surviving joint tenant to recover one half of the payments made by the decedent for the purchase and upkeep of property.

On November 17, 1992, the plaintiff's decedent, Susan Leone, and the defendant, Charles Ollivier, purchased real property as joint tenants with the right of survivorship. The property was located at 10 Chipperfield Drive in Effort, Pennsylvania. Leone and Ollivier lived together as an unmarried couple for a period of time after they purchased the property. Leone paid $90,000 toward the purchase price, a construction loan, and other closing costs and expenses from her own funds. In the years that followed, Leone also paid from her own funds the sums of $102,000 for the mortgage, $20,000 for property insurance, $11,000 for repairs, $2,500 for utilities, and $1,000 for replacement appliances. In total, Leone expended $226,500 from her own funds. Allegedly, Ollivier did not contribute to the purchase and carrying charges of the property or, if he ever did, his contributions were not equal to those of Leone. However, at no time did either Leone or Ollivier ever seek a partition of the property.

Leone died unexpectedly on February 3, 2008. The plaintiff, Gloria Trotta, was appointed executor of Leone's estate (hereinafter the Estate) by order of the Surrogate's Court, Kings County, dated April 7, 2008. After Leone's death, the Estate made mortgage and other payments on the property totaling $7,500.

Trotta, as executor, commenced this action against Ollivier in the Supreme Court, Kings County, alleging unjust enrichment and seeking a judgment reimbursing the Estate for one half of the purchase price of the property and the carrying charges of the property, and full reimbursement for $7,500 for carrying charges paid by the Estate after Leone's death. No separate cause of action was asserted for an accounting. Nor was any proceeding commenced in the Surrogate's Court to compel an accounting or for discovery.

In June 2009, Ollivier made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). Ollivier argued

that because no partition action had been commenced while Leone was alive, and sole ownership of the property passed to him upon Leone's death, the complaint failed to state a viable cause of action for damages with respect to any payments made by Leone during her lifetime. Ollivier also argued that the Estate's remaining claim for the $7,500 for carrying charges paid after Leone's death was below the monetary subject matter jurisdiction of the Supreme Court.

Trotta opposed Ollivier's motion to dismiss, arguing that RPAPL 1201 authorizes a joint tenant, tenant in common, or an executor or administrator to maintain an action to recover from the cotenant a just proportion of money paid toward the jointly held property. Trotta further argued that absent such a reimbursement, Ollivier would be unjustly enriched by becoming sole owner of the property without having equitably contributed toward its purchase and carrying expenses since 1992.

In an order dated December 4, 2009, the Supreme Court granted Ollivier's motion to dismiss. In the judgment appealed from, entered February 17, 2010, the complaint was dismissed. In granting the motion to dismiss the complaint, the Supreme Court determined that the Estate's reimbursement claim did not survive Leone's death, and that RPAPL 1201 was inapplicable.

For reasons set forth below, we agree that the complaint fails to state a cause of action as to any of the expenses paid by Leone prior to her death. However, we find that it does state a cognizable cause of action for unjust enrichment, for the reimbursement from Ollivier of the $7,500 paid by the Estate toward the property's expenses after Leone's death. Therefore, we reverse the judgment, and modify the order by denying that branch of Ollivier's motion which was to dismiss so much of the complaint as sought reimbursement for Trotta's payment of $7,500 after the death of Leone.

When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Sokol v Leader*, 74 AD3d 1180 [2010]; *Foley v D'Agostino*, 21 AD2d 60, 64-65 [1964]). "In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine

only whether the facts as alleged fit within any cognizable legal theory' " (*Vitarelle v Vitarelle*, 65 AD3d 1034, 1034 [2009], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Spector v Wendy*, 63 AD3d 820, 821 [2009]). To prevail on a claim for unjust enrichment, which is at issue here, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) it is against equity and good conscience to permit the other party to retain what is sought to be recovered (*see Corsello v Verizon N.Y., Inc.*, 77 AD3d 344, 370 [2010]; *Spector v Wendy*, 63 AD3d at 822; *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 481 [2009]). "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]). Unjust enrichment does not require a showing that the party enriched committed a wrongful act, as innocent parties may frequently be unjustly enriched (*see Cruz v McAneney*, 31 AD3d 54, 59 [2006]).

Here, we accept as true the allegations of the complaint that Leone purchased the property with her own funds and paid the carrying charges on it. Such facts do not mean, however, that after Leone's death, her Estate is entitled to recover one half of those expenses from Ollivier. A joint tenancy, as here, is an estate held by two or more persons jointly who have equal rights to share in its enjoyment during their lives, and where each joint tenant has a right of survivorship (*see Goetz v Slobey*, 76 AD3d 954, 956 [2010]). The right of survivorship has been defined as "a right of automatic inheritance" where, upon the death of one joint tenant, the property does not pass through the rules of intestate succession, but is automatically inherited by the remaining tenant (*United States v Craft*, 535 US 274, 280 [2002]). For one joint tenant to alienate his or her individual interest in the tenancy, the estate must first be severed or, in other words, converted into a tenancy in common with each tenant no longer possessing the entire estate, but instead, possessing an equal fractional share (*id.* at 280).

Under New York law, joint tenancies may be severed by the court-ordered partition of the property that adjusts the rights of the parties and permits its sale if it appears that a partition cannot be made without great prejudice to the owners (*see* RPAPL 901 [1]; *Graffeo v Paciello*, 46 AD3d 613, 614 [2007];

*Donlon v Diamico*, 33 AD3d 841, 842 [2006]; *Watson v Pascal*, 27 AD3d 459, 460 [2006]; *Wilbur v Wilbur*, 266 AD2d 535, 536 [1999]; *Ferguson v McLoughlin*, 184 AD2d 294, 295 [1992]). The equitable remedy of partition may only be sought by a person holding or possessing the real property as a joint tenant or tenant in common. Accordingly, Leone, while she was alive, was the only person who could have affirmatively sought a partition of the property and an equitable adjustment of the interests she and Ollivier held in the property. The complaint does not allege, and there is no evidence in the record, that Leone ever attempted to sever her joint tenancy with Ollivier. When Leone died, Ollivier automatically inherited the subject property as the surviving joint tenant. These circumstances are in marked contrast to tenancies in common, which allow a decedent's share of property to pass under the rules of inheritance (*see Myers v Bartholomew*, 91 NY2d 630, 632 [1998]; *Pravato v M.E.F. Bldrs.*, 217 AD2d 654, 655 [1995]).

Leone, during her lifetime, was free to manage her finances and spend her money as she saw fit, even if, with the benefit of hindsight, her decision to purchase the subject property and hold title with Ollivier as a joint tenant, and to continue to pay its ongoing expenses after Ollivier moved to another address, inured to the financial benefit of Ollivier. Accordingly, the complaint fails to state a cause of action to recover for unjust enrichment for reimbursement by the Estate of Leone's premortem expenditures because, at the time those expenditures were made, they were not at the expense of the Estate.

Trotta argues that RPAPL 1201 nevertheless creates a cause of action by which an estate may seek the equitable reimbursement of expenses from a joint tenant or tenant in common. RPAPL 1201 provides that "[a] joint tenant or a tenant in common of real property, or his executor or administrator, may maintain an action to recover his just proportion against his cotenant who has received more than his own just proportion, or against his executor or administrator."

There is a paucity of case law addressing RPAPL 1201, and none of the cases which discuss that statute involve the circumstance present here of an estate of a joint tenant suing the surviving joint tenant to recover one half of the payments made by the decedent for the purchase and upkeep of the real property. Decisional authorities addressing RPAPL 1201 involve either the recovery by one tenant of rents paid to a cotenant (*see D'Addario v Cavoto*, 79 Misc 2d 446 [1974]), or an account-

ing of rents between cotenants (*see Degliuomini v Degliuomini,* 12 AD3d 634 [2004]; *Goldberg v Ochman,* 143 AD2d 255 [1988]). Indeed, the statutory purpose of RPAPL 1201 is the codification of the long-established principle that a tenant be required to account to cotenants for rents received from third parties (*see D'Addario v Cavoto,* 79 Misc 2d at 447).

There is no authority by which RPAPL 1201 has been applied in a retroactive fashion to allow a decedent's *estate* to reach back in time and undo the financial acts of a decedent with regard to the acquisition and management of real property which the decedent, during his or her lifetime, held jointly with another. We decline to interpret RPAPL 1201 in that fashion here. The purpose of RPAPL 1201, as expressed in the statute, is to vest joint tenants and tenants in common, or their estates, with the right to recover monies "received" by the cotenant that exceed his or her proportionate share. The statutory focus upon monies "received" by the cotenant, rather than upon expenses "paid" by the tenant, suggests that the right of recovery is limited to rents and income generated by jointly held property (*e.g. Goldberg v Ochman,* 143 AD2d at 258; *D'Addario v Cavoto,* 79 Misc 2d at 446), and for related accounting thereof (*e.g. Degliuomini v Degliuomini,* 12 AD3d at 634). The absence of language in RPAPL 1201 extending the right of recovery to expenses "paid" by a tenant beyond his or her equitable share means, under the doctrine of expressio unius est exclusio alterius, that the legislature, by inference, intentionally omitted or excluded joint tenant expenditures from the scope of the statute (*see Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh,* 68 AD3d 62, 71 [2009]; *Matter of Brown v New York State Racing & Wagering Bd.,* 60 AD3d 107, 117 [2009]; *Matter of Town of Eastchester v New York State Bd. of Real Prop. Servs.,* 23 AD3d 484, 485 [2005]; McKinney's Cons Laws of NY, Book 1, Statutes § 240). Here, the complaint does not seek recoupment of any monies *received* by the cotenant during the decedent's lifetime relative to the jointly held property and, for that reason, it fails to state a cause of action under RPAPL 1201 for either the reimbursement of property expenses or the reimbursement of the $7,500 paid by Leone's Estate after her death.

However, the complaint states a separate viable cause of action to recover for unjust enrichment, for the reimbursement from Ollivier of the $7,500 the Estate paid toward the property's expenses after Leone's death. By the time these payments were

made, ownership of the property had already passed to Ollivier by operation of law. Trotta's complaint, framed as one to recover damages for unjust enrichment, states a cause of action that the Estate enriched Ollivier by its $7,500 payment toward the carrying costs of his property, at the Estate's expense, and that it is against equity and good conscience to permit Ollivier to retain the value of those payments.

While, as a result of our decision, the only remaining claim is for the reimbursement of $7,500, the Supreme Court nevertheless has subject matter jurisdiction to hear the action (*see Matter of Murphy v Milonas*, 234 AD2d 109, 110 [1996]; NY Const, art VI, § 7; Judiciary Law § 140-b). We take no position as to whether, going forward, the action should be removed to another court with limited monetary jurisdiction (*see* CPLR 325 [d]).

In light of the foregoing, the judgment is reversed, on the law, that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought reimbursement for the payment by the plaintiff, as executor of the Estate of Susan Leone, of the sum of $7,500, made after the death of the plaintiff's decedent, is denied, and the order is modified accordingly.

FLORIO, CHAMBERS and MILLER, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs or disbursements, that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought reimbursement for the payment by the plaintiff, as executor of the Estate of Susan Leone, of the sum of $7,500, made after the death of the plaintiff's decedent, is denied, and the order is modified accordingly.