PHH Mtge. Corp. v Burt (2019 NY Slip Op 07802)





PHH Mtge. Corp. v Burt


2019 NY Slip Op 07802


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-04434
 (Index No. 12668/11)

[*1]PHH Mortgage Corporation, respondent,
v
Charise L. Burt, etc., appellant, et al., defendants; Estate of Sydney Burt, proposed intervenor.


Yitzhak & Epstein P.C., Great Neck, NY (Erica T. Yitzhak and Giulia Palermo of counsel), for appellant.
McGlinchey Stafford, New York, NY (Jason A. McCumber of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Charise L. Burt appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 23, 2016. The order denied the motion of the proposed intervenor, the Estate of Sydney Burt, inter alia, for leave to intervene in the action and to vacate a judgment of foreclosure and sale of the same court dated March 4, 2014.
ORDERED that the order is affirmed, with costs.
On October 12, 2004, Charise L. Burt (hereinafter the defendant), Sydney Burt, and Karyn Berkley executed a promissory note in the amount of $170,000 in favor of Merrill Lynch Credit Corporation. As security for the note, the defendant, Sydney Burt, and Berkley executed a mortgage encumbering certain real property located in Roosevelt. The property was owned by the defendant, Sydney Burt, and Berkley as joint tenants with the right of survivorship. Sydney Burt passed away on March 13, 2005. The defendant and Berkley defaulted on the loan by failing to make the monthly installment payment due on February 1, 2011, or any payments thereafter. On May 11, 2011, the mortgage was assigned to the plaintiff.
The plaintiff commenced this action to foreclose the mortgage against the defendant and others, but not as against the Estate of Sydney Burt. Thereafter, the plaintiff moved for an order of reference and for leave to enter a default judgment upon the defendant's failure to serve an answer to the complaint. The defendant cross-moved to vacate her default and to compel the acceptance of a late answer. In an order dated March 6, 2013, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion, finding that the defendant failed to establish a reasonable excuse for her default or a meritorious defense. Thereafter, an order of reference, dated August 27, 2013, and a default judgment of foreclosure and sale, dated March 4, 2014, were entered. The defendant filed a second motion seeking to vacate her default, to compel the acceptance of a late answer, and to dismiss the complaint for failure to join the Estate of Sydney Burt as a claimed necessary party. By order entered May 28, 2014, the court denied the defendant's second motion in its entirety.
After additional motion practice, on November 24, 2015, the Estate of Sydney Burt (hereinafter the proposed intervenor) moved, inter alia, for leave to intervene in the action and to vacate the judgment of foreclosure and sale. By order entered March 23, 2016, the Supreme Court denied the proposed intervenor's motion, among other things, on the ground that it was barred by the law of the case doctrine. The defendant appeals.
Contrary to the plaintiff's contention, under the particular facts and circumstances of this case, we find that the defendant is aggrieved by the order entered March 23, 2016, and thus, she may appeal from the order (see CPLR 5511; Auerbach v Bennett, 64 AD2d 98, 104, mod on other grounds 47 NY2d 619).
"The doctrine of law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (Martin v City of Cohoes, 37 NY2d 162, 165 [internal quotation marks omitted]). The doctrine "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision" (Baldasano v Bank of N.Y., 199 AD2d 184, 185; see Gay v Farella, 5 AD3d 540, 541; D'Amato v Access Mfg., 305 AD2d 447, 448), "and to the same questions presented in the same case" (RPG Consulting, Inc. v Zormati, 82 AD3d 739, 740, citing People v Evans, 94 NY2d 499, 502; see Matter of McGrath v Gold, 36 NY2d 406, 413; Erickson v Cross Ready Mix, Inc., 98 AD3d 717). "Like claim preclusion and issue preclusion, preclusion under the law of the case contemplates that the parties had a full and fair' opportunity to litigate the initial determination" (People v Evans, 94 NY2d at 502).
Here, the issue of whether the proposed intervenor was a necessary party in the action was determined on the merits by the Supreme Court in its order entered May 28, 2014, wherein it denied the defendant's motion, inter alia, to dismiss the complaint for failure to join the proposed intervenor. Thus, the parties had a full and fair opportunity to litigate the issue of whether the proposed intervenor was a necessary party. In any event, we agree with the Supreme Court's determination to deny intervention. New York defines a joint tenancy as "an estate held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and creating in each joint tenant a right of survivorship" (Smith v Bank of Am., N.A., 103 AD3d 21, 23 [internal quotation marks omitted]; see Trotta v Ollivier, 91 AD3d 8, 12). "The right of survivorship has been defined as a right of automatic inheritance' where, upon the death of one joint tenant, the property does not pass through the rules of intestate succession, but is automatically inherited by the remaining tenant" (Trotta v Ollivier, 91 AD3d at 12, quoting United States v Craft, 535 US 274, 280). Therefore, when one joint tenant dies, the other joint tenants automatically inherit the property. This is in marked contrast to tenancies in common which allow a decedent's share of property to pass under the rules of inheritance (see Trotta v Ollivier, 91 AD3d at 13). Thus, here, upon the Sydney Burt's death, his interest in the property did not pass to his estate, the proposed intervenor; rather, it automatically passed to the remaining joint tenants, the defendant and Berkley. Therefore, the proposed intervenor was not a necessary party and did not have the right to intervene in the foreclosure action.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court