HARRY KRAMER and PHILIP H. ROSENBERG, Respondents, *v.* ISRAEL STONE, Appellant.

First Department, February 23, 1917.

Landlord and tenant — liability of landlord for damage to goods by overflow of water caused by defect in roof — liability of tenants in common as joint tort feasors — notice of defect — evidence.

A tenant in common of a building, who signs a lease thereof, is liable as a joint tort feasor to the lessees for damages caused by an overflow of water due to a defective roof.

The lessee in such case may sue all of the tenants in common owning the building or only a part of them as joint tort feasors, or he may sue them each separately and recover a judgment against each, although he can have but one satisfaction.

The duty of a landlord to keep in repair those portions of a building over which he reserves control arises only after he has had notice actual or constructive of the existence of a defect and has had sufficient opportunity to make repairs.

In an action by a tenant against a landlord for damage to a stock of goods alleged to have been caused by an overflow of water from a defective roof, evidence examined, and *held*, insufficient to establish constructive notice to or any negligence on the part of the defendant.

A defect in the roof in July which was repaired at that time is too remote to be notice of a defective condition in October.

APPEAL by the defendant, Israel Stone, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Bronx on the 25th day of

February, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of February, 1916, denying defendant's motion for a new trial made upon the minutes.

*Isidor Cohn*, for the appellant.

*Henry Waldman*, for the respondents.

SCOTT, J.:

This is an action by tenants against their landlord for damages caused by an overflow of water. Plaintiffs occupy the store, the first floor above the store and the basement of a certain building in the city of New York. Other floors are rented to other tenants. The damage for which plaintiffs sue was caused to their stock of goods, which were injured on October 2, 1913, by water which, as it is alleged, came through the roof during the course of an unusually severe rain storm.

The complaint alleges that the property was owned by twelve individuals, and the defendant seriously argues that it thus appears upon the face of the complaint that there is a defect of parties defendant, and that an action will not lie against defendant alone. This contention is obviously untenable. Not only did defendant sign the lease and assume towards plaintiffs the relation of landlord, but he is also, admittedly, one of the tenants in common owning the building. The action is not upon contract, but is for damages for negligence on the part of the owners in failing to exercise due diligence in taking care of the portion of the building over which they retained dominion and control. In other words, the action is in tort, and the owners, as plaintiffs allege, are joint tort feasors. In such case a plaintiff may sue all, or only a part of the joint tort feasors. Indeed, he may sue them each separately, and recover a judgment against each, although he can have but one satisfaction. (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58.) If therefore, plaintiffs have any right of action at all it may be prosecuted by action against defendant alone as one of several joint tort feasors.

The question remains whether plaintiffs have shown a right to recover against any one. The rule in such a case is very

well established.   It is not, as some parts of the court's charge may have led the jury to believe, that it is the absolute .duty of the landlord to keep in repair those portions of the building over which he reserves domination and control.   Such duty arises only after the landlord has had notice, actual or constructive, of the existence of a defect and has had sufficient opportunity to make repairs.   (*Levine* v. *Baldwin,* 87 App. Div. 150.)

The allegation of negligence against defendant is that he "failed to keep the roof of said building, and more particularly a certain portion of said roof, commonly known as the leader box, in proper repair, in that said leader box was not water proof, but leaked, so that  *  *  *  by reason of a rain storm water poured from the roof into the said leader box and from said leader box down and through the various floors of said building."   Notice to the landlord of the alleged defect is predicated upon the fact that in the month of July preceding the events complained of the leader box had leaked; notice thereof had been given to defendant and he had undertaken to have it repaired, as he apparently had done.   This defect in July and then repaired is remote, if claimed to be notice of a defective condition in October, but apart from that there is no evidence in the case that the leader box was out of repair or in a leaky condition in October.   It is true that it did not carry off the water freely from the roof, but that was shown to be due to the fact that some one had choked it up with a piece of oilcloth. Who had choked it, or how long it had been so choked did not appear, so that there is nothing upon which to predicate constructive notice to defendant of this condition of affairs.   Of actual notice to him there is no evidence whatever.

We think that plaintiffs failed to show negligence on the part of defendant, and the jury's finding on that point is without evidence to support it.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.