ANN SILVER, Respondent, v. DRY DOCK SAVINGS INSTITUTION, Appellant.

First Department, February 7, 1941.

Harold L. Strauss, for the appellant.

Max H. Davidson, for the respondent.

GLENNON, J. The plaintiff was a tenant, operating what she described as a bridal shop, in the basement on the southerly side of the building known as 48 Clinton street, borough of Manhattan, city of New York. Immediately above plaintiff's premises was a

vacant store which adjoined another store, apparently vacant. Above these stores there were four floors which formerly had been occupied as apartments. There was another basement store on the northerly side of the building next to plaintiff's.

It was conceded by the defendant that " it had sole and exclusive possession of and sole and exclusive control in the management and operation of each and every part of the said premises and stores, including but not limited to all the pipes and all the other fixtures and appurtenances annexed thereto or part thereof, except the store occupied by the plaintiff therein as tenant."

Plaintiff left her premises on October 30, 1939, about ten o'clock in the evening. Before so doing, she examined her stock and found everything in order. While it was raining, there was no leakage of any kind in the ceiling which was made of tin. The following day, an employee of plaintiff opened the store at about one o'clock P. M. In describing what she observed, this witness testified, " When I opened the store * * * I saw water on the floor, so I tried to look where it goes, so I see it goes right in the closet, so I opened the closet and I looked and the dresses were wet and I looked on the ceiling, the ceiling was running with water and the dresses were all wet * * *."

She also said that the dresses were stored in a bin about sixteen feet from the front of the store. It is not disputed that the value of the merchandise which was destroyed amounted to the sum of $719.

The plaintiff visited the premises about one-thirty P. M. on October 31, 1939. She testified, " I know the day that happened, it was raining terribly, that I know because I had come down in the rain."

There is no proof in the record of any defective condition of the premises prior to the time the leak was discovered on October thirty-first. Plaintiff rested her case upon the assumption that the burden was upon the owner of the premises to explain the reason for the leakage. She asserts, and the Municipal Court has found, and the Appellate Term by a divided court has determined that the doctrine of *res ipsa loquitur* is applicable to this case. With that contention we do not agree. The rule has been applied frequently to railroad cases where passengers have been injured, to cases involving accidents resulting from the falling of objects and elevators, and to other cases of like import where the agencies are under the exclusive control of the wrongdoer. It might have been applied to this case, if the defendant had failed to fulfill some obligation which it owed to the plaintiff.

No attempt was made to prove the source of the water which had caused the damage other than that it came from the ceiling. A sudden leak in a water pipe overhead would not make defendant responsible unless it had notice or knowledge of a defect in the plumbing. Nor did plaintiff establish that the defendant permitted water to overflow in the part of the building which it controlled. For aught we know, as the trial justice suggested at the close of plaintiff's case, the water may have come from the building next door. The rains which occurred during the night of October thirtieth and were " terribly " heavy on October thirty-first, may have caused a leak which resulted in the damage to plaintiff's stock without notice of any defect on the part of the defendant. Experience teaches that a heavy rainstorm may cause unforeseen leaks in a building which, before the storm, might have been considered to be almost waterproof. In other words, all the agencies which may have been factors in causing the damage were not proven to be under the exclusive control of the defendant. Since that is so, the plaintiff was not entitled to the benefit of the rule.

That the ceiling was wet and plaintiff's merchandise was damaged as a result of the leaking water cannot be disputed. However, those factors in and of themselves, without reasonable evidence of negligence, would not be sufficient to make applicable to this case the doctrine of *res ipsa loquitur*.

We might feel impelled to order a retrial of this case were it not for the fact that plaintiff's testimony shows that while she had been a tenant of the store for more than a year prior to October 31, 1939, no leaks appeared in the ceiling during that period. Naturally, she could not assert very well that she had given notice to the defendant of any defects which might have caused the water damage. In order to hold the landlord liable, it would be incumbent upon her to establish either actual or constructive notice of a defect. ( *Kramer* v. *Stone*, 176 App. Div. 549.)

For the reasons assigned, the determination of the Appellate Term and the judgment of the Municipal Court should be reversed, and the complaint dismissed, with costs to the defendant in all courts.

MARTIN, P. J., and UNTERMYER, J., concur; DORE and CALLAHAN, JJ., dissent and vote to affirm.

DORE, J. (dissenting). The water which did the injury was flowing down through the ceiling above plaintiff's store from a place admitted by stipulation to be within defendant's sole and exclusive possession and control. The part from which the water was coming was one foot from the northerly wall of the store and sixteen feet

from the front of the store, and not, therefore, near the end or southerly wall of the building. The water was of a brownish color. There is no evidence from which any possible inference of negligence could arise on plaintiff's part. Only by committing a trespass and breaking into the upper part of the building, in defendant's exclusive possession, could plaintiff ascertain the precise conditions permitting large quantities of water to damage plaintiff's property. Except to call a witness who said the water pipes above the store had been disconnected ten months before, defendant adduced no evidence whatever. This testimony adduced by defendant aided plaintiff's case since in the absence of any other proof of inspection, it was at the very least a jury question whether defendant exercised reasonable care in not inspecting an empty loft for ten months. The Municipal Court and the Appellate Term correctly determined that *res ipsa loquitur* applied.

Where the thing causing an injury is under defendant's control and the injury is such as does not happen in the ordinary course when reasonable care is used, it affords in the absence of explanation by defendant sufficient evidence that the accident arose from want of care on his part. (*Griffen* v. *Manice*, 166 N. Y. 188.) Here the injury happened without any voluntary action at the time by the party injured. Inspection and user at the time were in defendant's exclusive control. No injury was to be expected from the place above the ceiling of plaintiff's store unless from careless maintenance, inspection or user, and evidence was accessible to defendant but inaccessible to plaintiff. In that state of facts *res ipsa loquitur* should apply. (9 Wigmore on Evidence [3d ed. 1940], § 2509, p. 377 *et seq.*) By proper inspection defendant was in a position to ascertain whether the plumbing or other structural requirements necessary to prevent water leaking in great quantities through the ceiling into plaintiff's store were being maintained in good condition. On this record there was no inspection shown for ten months prior to the injury. Plaintiff showed enough to require defendant to adduce facts indicating that the injury occurred through causes for which defendant was not responsible.

In *Moore* v. *Goedel* (34 N. Y. 527), an action brought to recover damages for an overflow of water on the premises in a place occupied in common by defendants and third persons, it was held that had the defendants been in exclusive possession of the loft whence the overflow came " it would probably have been sufficient *prima facie* to have proved the injury and where the overflow occurred." The Appellate Term of this department has applied that ruling in a long line of cases where plaintiff showed defendant was in exclusive possession of a loft whence an overflow of water came. (*Greco* v.

*Bernheimer,* 17 Misc. 592 [opinion by McADAM, J.]; *Simon-Reigel Cigar Co.* v. *Gordon-Burnham Battery Co.,* 20 id. 598 [McADAM, DALY and BISCHOFF, JJ.]; *Kahn* v. *Burette,* 42 id. 541; *Rothblatt* v. *Solomon,* 59 id. 519.)

In *Griffen* v. *Manice (supra)* the Court of Appeals said " that it is not the injury, but the manner and circumstances of the injury, that justify the application of the maxim and the inference of negligence," and held that where the defendant has knowledge of a fact but slight evidence is required to shift on him the burden of explanation, and that these rules are not " confined to any particular class of cases, but they are general rules of evidence applicable wherever issues of fact are to be determined either in civil or criminal actions." That doctrine was reiterated by the Court of Appeals in *Goldstein* v. *Pullman Co.* (220 N. Y. 549, 554).

The conclusion that *res ipsa loquitur* applies is also supported by reason and justice as well as authority, and by the concept of a lawsuit as an honest effort to ascertain truth rather than a process of withholding ascertainable facts so as to prevent the full revelation of truth and the inferences of liability or non-liability that flow therefrom. Indeed the present case illustrates how the ancient maxim *res ipsa loquitur* can serve the administration of justice. When plaintiff's damage and freedom from contributory negligence are admitted, when the source of the injury is in defendant's exclusive control, the injury unlikely to happen unless defendant was negligent, and complete inspection is available to defendant but not to plaintiff, there never could be any recovery, however great the damage, if plaintiff honestly restricted himself to facts accessible to him and the defendant remained mute, unless the doctrine *res ipsa loquitur* was held applicable.

Accordingly, I dissent and vote to affirm.

CALLAHAN, J., concurs.

Determination of the Appellate Term and judgment of the Municipal Court reversed, and the complaint dismissed, with costs to the defendant in all courts.