■ ELIZABETH JOHNSON, Respondent, v. LONGWOOD HOLDING CORP., Appellant.— Judgment in favor of plaintiff unanimously reversed, on the law and on the facts and a new trial granted, without costs. We conclude that the decision of the Trial Justice with respect to the manner in which the accident happened and the cause thereof, on the record here, is contrary to the weight of the credible evidence. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ UNION NOVELTY CO., INC., Appellant, v. ELIAS ASSOCIATES, Respondent. — Judgment dismissing the complaint at the close of plaintiff's case, unanimously reversed, on the law, and a new trial ordered, without costs to either party. In this property damage action plaintiff established, prima facie, a ground for recovery. It was entitled, therefore, to have its claim passed on by the jury, or to have defendant assume the burden of going forward. It was established that the water had accumulated on the roof from the bottom of the water tank exclusively maintained and operated by defendant owner and that it was such water which entered plaintiff's premises. The evidence, therefore, satisfied the rule in *George Foltis, Inc.*, v. *City of New York* (287 N. Y. 108). The situation was quite different in *Silver* v. *Drydock Sav. Inst.* (261 App Div. 283) where the proof failed to establish the source of the invading water. It is not clear from the record that plaintiff on the trial, as distinguished from its pleadings, rested its case solely on the theory that the pipes burst as a result of a failure to maintain heat in the building. If it had, then, of course, the determination by the Trial Justice would have been correct. Instead it appears in the record at the very close of the proceedings that plaintiff was insisting that the case was one provable under the doctrine of *res ipsa loquitur*. Of course, in that event, plaintiff might be well advised to seek leave to amend its pleadings, including the bill of particulars. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ OVERSEAS METAL & ORE CORPORATION, Respondent, v. MINERACAO BOMFIM S/A, Appellant.— Order, entered on August 16, 1960, denying motion to vacate service of process upon defendant-appellant, and order entered on September 2, 1960, denying motion to vacate the warrant of attachment and levy thereon, unanimously affirmed, with $20 costs and disbursements to plaintiff-respondent. In affirming the order entered on August 16, 1960, we construe the service of process as perfecting jurisdiction in rem to the extent of the property of the defendant-appellant levied under the said warrant of attachment, and not to effect general jurisdiction of the defendant-appellant. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.

■ In the Matter of the Arbitration between CLYDE FASHIONS, LTD., Respondent, and EINIGER MILLS, INC., Appellant.— Order, entered on November 30, 1960, granting petitioner-respondent's motion to stay arbitration, unanimously affirmed, with $20 costs and disbursements of this appeal to abide the event. No opinion. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.