■ CHARLES BLACKWELL, Appellant, v JAMAL HOLDING CORP., Respondent. [658 NYS2d 684] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated June 28, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In the absence of a statutory or contractual duty to maintain the premises in repair, a landlord's mere reservation of the right to enter a leased premises to make repairs is insufficient

to give rise to liability for a subsequently-arising dangerous condition (*see, Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 565-566; *Worth Distribs. v Latham*, 59 NY2d 231, 238; *Aprea v Carol Mgt. Corp.*, 190 AD2d 838). Here the parties contracted by a covenant in the lease that the tenant, "at [its] own cost and expense [shall] make all repairs except that the landlord shall make all exterior structural repairs". Thus, under the terms of the covenant, the landlord was not obligated to repair any alleged defect in the lighting conditions inside the warehouse.

In addition, the plaintiff did not establish that the landlord retained sufficient control over the leased premises to render it liable for the plaintiff's injuries (*see, Worth Distribs. v Latham*, 59 NY2d 231, *supra; Putnam v Stout*, 38 NY2d 607; *Ritto v Goldberg*, 27 NY2d 887; *Hecht v Vanderbilt Assocs.*, 141 AD2d 696, 699; *cf., Stalter v Prudential Ins. Co.*, 220 AD2d 577). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.