■ JOSEPH C. HINDS et al., Respondents, v CONSOLIDATED RAIL CORPORATION, Respondent, and SIX STAR ASSOCIATES, Appellant, et al., Defendants. [693 NYS2d 284] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered December 14, 1998 in Albany County, which denied a motion by defendant Six Star Associates for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff Joseph C. Hinds, then a conductor for defendant

Consolidated Rail Corporation (hereinafter Conrail), sustained the injuries forming the basis for this action in a March 10, 1994 incident that occurred on property located at 22 Railroad Avenue in the Town of Colonie, Albany County, owned by defendant Six Star Associates, a limited partnership, and leased to defendant Holland Warehouse, Inc. Holland operated a public warehouse on the property, which was serviced by a Conrail side track. As Hinds was in the process of separating two boxcars that Conrail was attempting to move from Holland's warehouse, he slipped on an accumulation of snow and fell between the tracks. An air hose broke and struck him in the right leg. Plaintiffs' claim of liability against Six Star is predicated upon its ownership of the property and its alleged knowledge that the property was the site of railroad transportation activities and failure to keep the property "in a safe and proper manner so that the work performed by [Hinds] could be safely performed".

Following joinder of issue and depositions, Six Star moved for summary judgment dismissing the complaint and all cross claims against it upon the grounds that (1) it was an out-of-possession landlord and its lease with Holland specifically exempted it from liability for damage or injury due to snow or ice on the premises and placed responsibility for snow removal upon Holland, and (2) it had no actual or constructive knowledge of any dangerous condition on the property. Concluding that there were triable issues of fact as to whether Six Star had retained control over the property pursuant to its lease with Holland and as to whether Six Star had actual or constructive notice of the snow and ice conditions on the property, Supreme Court denied the motion. Six Star appeals.

"The general rule is that a lessor out of possession is not liable for injuries resulting from the condition of the demised premises, since liability is an incident of occupation and control" (1A NY PJI 2:100, at 464 [3d ed 1999] [citations omitted]; see, Davison v Wiggand, 259 AD2d 799; Kinner v Corning, Inc., 190 AD2d 977; Del Giacco v Noteworthy Co., 175 AD2d 516). In its summary judgment motion, Six Star made an uncontroverted showing that the property in question had been leased to Holland and that Six Star retained no meaningful control over it. Contrary to Supreme Court's conclusion, lease provisions whereby Six Star reserved "the right to enter into and upon [the leased] premises, or any part thereof, at all reasonable hours for the purpose of examining the same, or making such repairs or alterations therein as may be necessary for the safety and preservation thereof" and the right to exercise

control over the placement of signs on the premises were insufficient to give rise to liability for the accumulation of snow and ice that is alleged to have caused Hinds' injury (see, Winter v Jimmy's Lakeside Inn, 200 AD2d 826, 827; Aprea v Carol Mgt. Corp., 190 AD2d 838). Quite the contrary, the lease made specific provision that Holland was responsible for snow removal and that Six Star was "exempt from any and all liability for any damage or injury to person or property caused by or resulting from * * * ice or snow". In fact, Holland's vice-president freely acknowledged that Holland was solely responsible for snow and ice removal and had contracted with various entities throughout the years to perform that function. On more than one occasion, Conrail actually contacted Holland and requested that it clear snow from the tracks in order to make its warehouse accessible to Conrail trains.

We are also unpersuaded by Conrail's contention that the written lease produced by Six Star, which by its terms covered the lease period August 1, 1990 to July 31, 1991, was not in effect at the time of the accident. To the contrary, the uncontroverted testimony of corporate officers of both Six Star and Holland established that, but for increases in annual rental, the very same lease provisions controlled at the time of the accident (see, Del Giacco v Noteworthy Co., supra, at 517). Finally, absent a reservation of meaningful control or other circumstances imposing a duty upon Six Star, its actual or constructive notice of the dangerous condition is irrelevant (see, Davison v Wiggand, supra).

Under the circumstances, we conclude that Supreme Court erred in denying Six Star's summary judgment motion. The parties' remaining contentions have been considered and are either unpreserved or found to be otherwise unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Six Star Associates and complaint and all cross claims dismissed against it.