◼ KATE L. BUTLER, an Infant, by WILLIAM C. BUTLER et al., Her Parents, Appellant, v BRIAN F. RAFFERTY, Respondent, et al., Defendants. [738 NYS2d 440] —Mercure, J.P. Appeals (1) from an order of the Supreme Court (Malone, Jr., J.), entered August 22, 2000 in Albany County, which, inter alia, granted defendant Brian F. Rafferty's motion for summary judgment dismissing the complaint against him, and (2) from an order of said court, entered October 20, 2000 in Albany County, which denied plaintiff's motion for reconsideration.

Plaintiff, by her parents, commenced this action to recover for injuries she sustained on November 3, 1995 when she fell from the top bunk of a homemade bunk bed affixed to a bedroom wall in the residence of defendant Maureen Rafferty (hereinafter Rafferty) and her husband, defendant Matthew Keller, in the Town of Guilderland, Albany County (hereinafter the property). Plaintiff's claim of liability against defendant Brian F. Rafferty (hereinafter defendant), which is the sole focus of this appeal, is based upon his co-ownership of the property together with Rafferty.

The evidence adduced on defendant's summary judgment motion indicates that prior to March 1988, defendant was the sole owner of the property. On March 28, 1988, however, defendant and Rafferty entered into a so-called "Ownership Agreement." In various recitals, the agreement recognized that defendant was the sole owner of the property, which was then improved with a single family residence, that the property was encumbered by a mortgage, that both parties had contributed to the initial closing expenses on the property and that defendant had paid all monthly mortgage payments from December 1, 1980 through March 1988. The agreement provided that Rafferty would assume responsibility for all mortgage payments, including tax escrow, from April 1, 1988 through March 1995 and for homeowner's insurance for seven years, that all repair and maintenance expenses would be shared equally by the parties, with major improvements made only upon the consent of both of them, and that defendant and Rafferty would separately reside on the premises in areas that they had identified, where each would "live free from interference in the personal lives and affairs of [one another]" and "reside with or cohabit with whomever they choose." Finally, the agreement provided that, at the time of its execution, defendant would execute a deed of the property to himself and Rafferty "as cotenants" and the executed and acknowledged deed would be held in trust by Rafferty's lawyer, but would be recorded upon the request of either party.

In 1991, Rafferty and Keller utilized their own funds and labor to construct a separate two-story addition to the residence. The addition had its own foundation, a kitchen/living room, two bathrooms and three bedrooms. From that time on, Rafferty, Keller and Rafferty's son, Patrick, exclusively occupied the addition and defendant lived in the original residence. The single passageway from the addition to the original residence was blocked by a refrigerator in defendant's kitchen. At approximately the time when Rafferty and Keller moved into the addition, Keller built the bunk bed and installed it in Patrick's bedroom, with two sides affixed to the bedroom wall. Defendant did not assist in the construction of the bunk bed and knew nothing more about it than that it existed.

As defendant and Rafferty have created the functional equivalent of separate apartments and provided by agreement for each one's exclusive use and possession of one of them, we cannot view defendant as anything other than an out-of-possession landlord with respect to the portion of the premises occupied by Rafferty and her family. Of course, because liability is an

incident of occupation and control, the general rule is that an out-of-possession landlord is not liable for injuries resulting from the condition of the demised premises (*see, Hinds v Consolidated Rail Corp.*, 263 AD2d 590, 591; 1A NY PJI3d 502 [2001]). In our view, application of that rule is particularly apt in this case, given that defendant took no part in the construction of the portion of the property occupied by Rafferty and Keller or of the bunk bed that is alleged to have given rise to plaintiff's injuries and thus did not have notice of any alleged defect.

We are entirely unpersuaded by plaintiff's discourse on the rights and liabilities of tenants in common or her reliance upon a policy of homeowner's insurance issued to defendant. Although a tenancy in common carries with it the right to the use and possession of the entire property, defendant and Rafferty were entitled to and explicitly did grant one another the right to exclusive possession of portions of the property. As for the issue of insurance, the extensive case law cited by plaintiff provides no persuasive support for the proposition that occupation or control of premises may be established through evidence of an owner's policy of liability insurance. At most, plaintiff's legal authority goes to the question of ownership, which is not at issue here.

Briefly addressing some additional points raised by the dissent, we first challenge the implicit proposition that defendant's ownership of the property was, of itself, sufficient to impose liability. To the contrary, the established rule is that, since liability is an incident of occupation and control, an owner will not be held liable for injuries resulting from the condition of premises demised to tenants (*see*, 1A NY PJI3d 502-503 [2001]; *Ritto v Goldberg*, 27 NY2d 887, 889; *Blackwell v Jamal Holding Corp.*, 240 AD2d 527, 528). Second, we cannot see how Rafferty's uncertain deposition testimony to the effect that a certificate of occupancy issued in August 1991 "shows a one-family house" evidences defendant's dominion or control over the portion of the property occupied by Rafferty and her family or otherwise raises a question of fact.

In view of our conclusion that defendant was an out-of-possession landlord with respect to the portion of the premises in which the underlying incident occurred, we agree with Supreme Court's determination to award summary judgment in favor of defendant and dismiss the complaint against him. Plaintiff's additional contentions, including those addressed to Supreme Court's denial of plaintiff's motion to renew or reargue, have been considered and found to be lacking in merit.

Crew III and Rose, JJ., concur.

.Peters, J. (dissenting). We respectfully dissent. Despite the "functional equivalent" of two separate and independent residences within these premises and the undisputed private agreement between defendant Maureen Rafferty (hereinafter Rafferty) and defendant Brian F. Rafferty (hereinafter defendant) that each would have exclusive possession and control over their own unit, we cannot agree that defendant has presented sufficient facts to establish his status as an out-of-possession landowner, as a matter of law, such that a finding of liability would be precluded due to his lack of occupation and control over Rafferty's unit (*compare, Hinds v Consolidated Rail Corp.*, 263 AD2d 590, 591).

The law is settled " 'that liability for a dangerous condition on property is predicated upon ownership, occupancy, control or special use of the property' " (*O'Brien v Trustees of Troy Annual Conference of United Methodist Church*, 257 AD2d 954, 955, quoting *Palmer v Prescott*, 208 AD2d 1065, 1066, *lv denied* 85 NY2d 804; *see, Foley v Golub Corp.*, 252 AD2d 905, 906-907) such that " '[t]he existence of one or more of these elements * * * [may] give rise to a duty to exercise reasonable care' " (*Foley v Golub Corp., supra* at 907, quoting *Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957). With evidence establishing that the certificate of occupancy for the premises identified it as a *single-family residence* and that defendant alone maintained liability insurance on the entire structure as a single-family residence, we cannot conclude that the parties' independent agreement can be deemed sufficient to undermine the genuine issue of fact raised by plaintiff (*see, Zuckerman v City of New York*, 49 NY2d 557) as to whether defendant had sufficient possession and control over the entire premises to give rise to a duty to have kept this home in a reasonably safe condition (*see, Basso v Miller*, 40 NY2d 233, 241; *Foley v Golub Corp., supra* at 908).

Accordingly, we would reverse that portion of the order entered August 22, 2000 which granted defendant's motion for summary judgment.

Lahtinen, J., concurs. Ordered that the orders are affirmed, without costs.