■ ALLISON WHITE, Respondent, v JEFFCO WESTERN PROPERTIES, INC., Appellant, et al., Defendant. [759 NYS2d 138] —In an action, inter alia, to recover damages for wrongful death, the defendant Jeffco Western Properties, Inc., appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 13, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On January 21, 1997, the plaintiff's decedent sustained fatal injuries when a fire was intentionally set by an unknown arsonist at the premises located at 1178 Fulton Street in Brooklyn. The premises was owned by the appellant, Jeffco Western Properties, Inc., and had been leased to the defendant Dakar Video,

Inc. The plaintiff commenced this action alleging, inter alia, that the appellant was negligent in failing to have a second means of egress from the subject premises in violation of the Administrative Code of the City of New York (hereinafter the Code), and in failing to have fire-retardant ceilings and walls at the subject premises.

While a violation of the Code may be considered as some evidence of negligence (see Elliott v City of New York, 95 NY2d 730, 733-734 [2001]; Hill v Cartier, 258 AD2d 699, 701 [1999]; Nielsen v City of New York, 38 AD2d 592 [1971]), the appellant demonstrated that the provisions of the Code cited by the plaintiff were enacted after the construction of the subject premises. The plaintiff failed to demonstrate that these Code provisions were intended to be applied retroactively. Thus, there is no basis to find that the appellant was required to provide a second means of egress from the subject premises (see Thompson v New York City Hous. Auth., 212 AD2d 775, 776 [1995]; Carelli v Demoro-Grafferi, 121 AD2d 673, 674 [1986]).

Furthermore, an out-of-possession landlord is not liable for injuries that occur on the premises where the landlord neither retained control over the premises nor was contractually obligated to remedy unsafe conditions (see Blackwell v Jamal Holding Corp., 240 AD2d 527, 528 [1997]; Wright v Feinblum, 220 AD2d 660 [1995]; Suarez v Skateland Presents Laces, 187 AD2d 500, 501 [1992]). Here, the appellant established its entitlement to summary judgment, and the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.