*267
 
 OPINION OF THE COURT
 

 Rosenblatt, J.
 

 The case before us involves the potential tort liability of a tenant-in-common. Plaintiff was injured when she fell off a bunk bed located on property co-owned by defendant. The sole issue is whether defendant can be held liable for plaintiff’s injuries. Because defendant surrendered possession and control over the portion of the property where the injury occurred, we conclude that he may not be held liable, and therefore affirm the order of the Appellate Division granting defendant’s motion for summary judgment.
 

 I.
 

 In 1980, defendant bought a parcel of land containing a single-family dwelling and a barn. Between 1983 and 1986, defendant shared the residence with his sister, Maureen Rafferty, and her son, Patrick. Maureen and Patrick lived elsewhere for the next two years, and in 1988 moved back into the residence. To delineate their respective responsibilities with respect to the property, defendant and Maureen entered into an agreement. In writing, they agreed that Maureen would pay the monthly mortgage and homeowner’s insurance for the next seven years, at which point defendant and Maureen would become co-owners of the property. They also agreed to share the expenses for maintenance and repair of the premises, and that major improvements would be undertaken only when both consented. Further, the agreement provided that Maureen and defendant would reside separately on the premises in areas they had identified to each other. They were to “live free from interference in the personal lives and affairs of [one another]” and “reside with or cohabit with whomever they choose.” Finally, the agreement stated that defendant immediately would deed the property to himself and Maureen “as co-tenants.” Maureen’s lawyer was to hold the deed in trust and record it at the request of either party.
 

 For the next three years, defendant lived in a loft in the barn while Maureen and her son occupied the residence. In 1991, Maureen married Matthew Keller and together they built an addition to the residence. The addition lay on its own foundation and had its own kitchen, living room, bathrooms and bedrooms. From then on, Maureen, Matthew and Patrick lived exclusively in the new addition, while defendant lived exclusively in the original residence.
 

 
 *268
 
 Shortly after completing the addition, Keller built a bunk bed and installed it in Patrick’s room. The bed was made of wood and was affixed to the bedroom wall. It had one guardrail running along the side opposite the wall, but no railing along the foot or head, or along the side nearest the wall. Undisputedly, defendant had nothing to do with building the bed, installing it or paying for it.
 

 In 1995, at the time in question, Patrick and some of his friends, including 15-year-old plaintiff Kate L. Butler, were watching a movie in Patrick’s room. Plaintiff was sitting in the top bunk of the bunk bed. As she attempted to pass a tray of cookies to a friend sitting in the lower bunk, she fell, hit the floor and was injured.
 

 By her parents, plaintiff sued Maureen, Keller and defendant to recover for her injuries. She alleged that because defendant was in possession and control of the premises, he owed her a duty of care that he breached by “negligently and carelessly designing, constructing and maintaining the bunk bed.” Specifically, plaintiff contended that the bunk bed was unsafe because it did not have adequate railing to prevent a person from falling. Defendant moved for summary judgment, arguing that he could not be held liable because he was not in control of the portion of the premises where the accident occurred; that he had no role in designing, building or maintaining the bunk bed; and that plaintiff’s own negligence caused her to fall.
 
 [1]
 

 Supreme Court granted defendant’s motion. The court ruled that although defendant was a tenant-in-common of the entire property, he had neither control over the area where plaintiff fell nor notice of the alleged dangerous condition.
 

 A divided Appellate Division affirmed. The majority held that the agreement between defendant and Maureen “created the functional equivalent of separate apartments” and made defendant “an out-of-possession landlord with respect to the portion of the premises occupied by [Maureen] and her family” (291 AD2d 754, 755 [2002]). Applying the general rule that out-of-possession landlords are not liable for injuries resulting from the condition of the demised premises, the Court concluded that defendant exercised no control over Maureen’s part of the property and therefore could not be held liable. The dissenters argued that even though the siblings had agreed to oc
 
 *269
 
 cupy exclusively certain portions of the property, defendant had not established as a matter of law that he had no control over Maureen’s portion. The dissent emphasized that the certificate of occupancy identified the entire premises as a single-family home and that defendant alone maintained liability insurance on the entire structure.
 

 Plaintiff now appeals from the Appellate Division order pursuant to CPLR 5601 (a), and we affirm.
 

 II.
 

 There is but one issue on this appeal: whether defendant, as co-owner of the property, can be held liable for plaintiff’s injuries. Plaintiff offers two arguments. First, she contends that liability can be predicated solely on defendant’s status as a tenant-in-common of the property. Second, she argues that, assuming that such status is not by itself sufficient to impose liability, defendant can be held liable because he exercised possession and control over the premises and had notice of the dangerous condition. In response, defendant contends in essence that because he did not have control over Maureen’s portion of the property he cannot be held liable. Further, defendant argues that he had no notice of the dangerous condition and did nothing to cause plaintiff’s injuries.
 

 The parties agree that defendant is a tenant-in-common. That is where our analysis begins. A tenancy-in-common represents interests in property held individually by two or more persons (generally known as cotenants). The distinguishing feature of this form of ownership is the right of each cotenant to use and enjoy the entire property as would a sole owner. This undivided interest (usually called “unity of possession”) is a right enjoyed by all the cotenants whether or not they are in actual possession of the premises
 
 (see Myers v Bartholomew,
 
 91 NY2d 630, 632-633 [1998];
 
 Jemzura v Jemzura,
 
 36 NY2d 496, 503 [1975];
 
 see generally
 
 13 Warren’s Weed, New York Real Property, Tenancy in Common §§ 1, 3 [4th ed]; 7 Powell, Real Property §§ 50.01, 50.03).
 

 For purposes of imposing personal liability for defective conditions on the premises, a cotenant’s right to use and enjoy the entire premises translates into a duty to maintain it safely. Indeed, because the common-law doctrine of tenancy-in-common presumptively gives each cotenant full possession of the entire premises, a defective condition causing injury to a third party results in joint and several liability as to each cotenant
 
 (see Simmons v Everson,
 
 124 NY 319, 323-324 [1891];
 
 *270
 

 Kramer v Stone,
 
 176 App Div 549, 550 [1st Dept 1917];
 
 see generally
 
 Restatement [Second] of Torts § 878, at 323; 3 Harper, James and Gray, Torts § 10.1, at 14 [2d ed 1986]).
 

 This does not mean, however, that all cotenants will inevitably be liable any time an injury occurs on the premises. Although cotenants generally have the right to use and enjoy the entire property, they may contract otherwise. As one leading treatise has observed, “These general rules [of tenancies-in-common] will not control where there is a contrary agreement. Tenants in common are competent to agree among themselves that one of them shall have exclusive possession of the common property”
 
 (see
 
 13 Warren’s Weed, New York Real Property, Tenancy in Common § 3.01 [1]). For years the lower courts have adhered to this principle
 
 (see e.g. D’Addario v Cavoto,
 
 79 Misc 2d 446, 447 [1974];
 
 Egan v Sweeney,
 
 50 Misc 2d 345, 346-347 [1966],
 
 affd
 
 27 AD2d 644 [1st Dept 1966];
 
 Slade v Hornick Co.,
 
 189 Misc 104, 105 [1947]), and we endorse it today.
 

 When cotenants enter into such an agreement and are faithful to its terms, liability for personal injuries will fall only on the tenant who exercises possession and control over the area in question. Predicating liability on a landowner’s possession and control of the premises is firmly entrenched in our case law. As we noted in
 
 Ritto v Goldberg
 
 (27 NY2d 887, 889 [1970]), “It has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property.” This principle recognizes that the person in possession and control of property is best able to identify and prevent any harm to others
 
 (see
 
 Prosser and Keeton, Torts § 57, at 386 [5th ed]). Indeed, a person who chooses to take possession and control of property is fairly charged with the responsibility of maintaining it and should expect to be held responsible for any defects. It follows, therefore, that a cotenant who enjoys the right to use and possess the entire premises will be jointly and severally liable for any injuries resulting from a defect on the premises, except where the cotenant has surrendered possession and control of the portion of the premises where the injury occurs.
 

 III.
 

 Resolution of this appeal thus turns on whether defendant exercised possession and control over Maureen’s segment of the property. In support of his motion for summary judgment, defendant relied on the contract by which he and Maureen agreed to live in separate parts of the premises, entirely free
 
 *271
 
 from interference by one another. Moreover, defendant averred — and it is undisputed — that he exercised no supervision over Maureen’s sphere and that the single doorway between his living area and Maureen’s was blocked by a refrigerator. Further, in her deposition, Maureen acknowledged that defendant did not contribute any money for the new addition and that she and her family occupied it by themselves. Supreme Court and the Appellate Division majority both determined that this evidence showed prima facie that only Maureen and her family occupied the addition. We agree and conclude that defendant met his initial burden of showing that he did not exercise possession or control over the relevant portion of the premises.
 

 In response, plaintiff has contended that defendant’s control of the premises was established primarily through a clause in the contract by which defendant and Maureen agreed to share the expenses for maintenance and repair. Although that provision obligates both of them to contribute money for general upkeep, it does not establish — and there is no evidence — that defendant was ever permitted to enter Maureen’s premises without her permission or that he in any way exercised possession or control over her portion of the property.
 
 [2]
 

 We therefore agree with the lower courts that plaintiff failed to raise a triable issue of fact in response to defendant’s prima facie showing that he did not possess or control the portion of the property where plaintiff was injured.
 
 [3]
 
 We have reviewed plaintiff’s remaining contentions and find them without merit.
 

 
 *272
 
 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Graffeo and Read concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Maureen and Keller also moved for summary judgment and their motions were denied. That part of Supreme Court’s order is not before us.
 

 [2]
 

 . Plaintiff also points out that defendant maintained an insurance policy that covered the entire structure. The Appellate Division majority stated that plaintiff failed to cite any “persuasive support for the proposition that occupation or control of premises may be established through evidence of an owner’s policy of liability insurance” (291 AD2d at 756). We note that in
 
 Leotta v Plessinger
 
 (8 NY2d 449, 461-462 [I960]), this Court held that an insurance policy may, under certain circumstances, be introduced as evidence to support a claim that the policyholder owns or controls the property in question. In contrast to that case, however, there exists here a contract between the parties delineating possession of the premises. The contract and the facts show conclusively that only Maureen and her family occupied the portion of the premises where the injury occurred.
 

 [3]
 

 . Unlike the Appellate Division, however, we do not characterize defendant as an “out-of-possession landlord,” as he and Maureen stand on equal footing as co-owners of the property and she cannot be properly deemed defendant’s tenant. Nonetheless, the critical feature of the analysis is the same, namely, whether defendant exercised possession and control over Maureen’s portion of the property.