D'Angelo v City of New York (2020 NY Slip Op 00569)





D'Angelo v City of New York


2020 NY Slip Op 00569


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2013-11423
 (Index No. 2/09)

[*1]Anthony D'Angelo, appellant, 
v
City of New York, et al., defendants third-party plaintiffs-respondents; Amboy Bus Company, Inc., etc., third-party defendant.


Skillman & Abate LLP (The Law Office of Judah Z. Cohen, PLLC, Woodmere, NY, of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Jane L. Gordon of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 10, 2013. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and so much of the order as directed dismissal of the third-party complaint is vacated.
The plaintiff, a school bus driver employed by the third-party defendant, Amboy Bus Company, Inc. (hereinafter the bus company), commenced this action against the defendants, City of New York and the New York City Department of Environmental Protection (hereinafter together the City), to recover damages for injuries he alleged he sustained in December 2007 when he tripped and fell as he was walking to his assigned bus at the beginning of his shift. According to the
plaintiff, the bus was parked on property owned and operated by the City and used by the bus company as a parking lot pursuant to a permit between the City and the bus company.
The City then commenced a third-party action against the bus company seeking contribution and indemnification and thereafter moved for summary judgment dismissing the complaint. The bus company separately moved for summary judgment dismissing the third-party complaint. The Supreme Court granted the City's motion for summary judgment dismissing the complaint and directed dismissal of the third-party complaint as, in effect, academic. The plaintiff appeals.
Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition (see Gronski v County of Monroe, 18 NY3d 374, 379; Basso v Miller, 40 [*2]NY2d 233, 241). "That duty is premised on the landowner's exercise of control over the property, as the person in possession and control of [the] property is best able to identify and prevent any harm to others'" (Gronski v County of Monroe, 18 NY3d at 379, quoting Butler v Rafferty, 100 NY2d 265, 270). Indeed, "[i]t has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property" (Ritto v Goldberg, 27 NY2d 887, 889).
Here, the permit granted the bus company a license to use the premises as a parking lot, and not a leasehold interest. As a result, the City, "as landowner, remains in presumptive control over its property and subject to the attendant obligations of ownership until it is found that control was relinquished, either as a matter of law or by a factfinder after presentation of all of the evidence" (Gronski v County of Monroe, 18 NY3d at 382; see Agbosasa v City of New York, 168 AD3d 794, 796). In assessing an out-of-possession landowner's duty in tort, the court should look not only to the terms of the agreement but also to the parties' course of conduct (see Gronski v County of Monroe, 18 NY3d at 380-381; Balash v Melrod, 167 AD3d 1442, 1442-1443).
Contrary to the determination of the Supreme Court, the City failed to meet its prima facie burden of demonstrating that it relinquished control of the premises such that it had no duty to the plaintiff to remedy the allegedly defective condition. In support of its motion, the City submitted a copy of the permit agreement, as well as the deposition testimony of several City employees. The permit agreement provided that the bus company had some responsibility for maintenance of the premises, but that the permit also was revocable at will by the City, and the City reserved "the right at all times to free and interrupted access" to any portion of the premises. Moreover, the deposition testimony submitted by the City established, prima facie, that City employees made regular visual inspections of the premises.
Viewing the evidence in the light most favorable to the plaintiff (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932), it cannot be said as a matter of law that the City relinquished control of the premises to the bus company such that it owed no duty to the plaintiff to remedy the allegedly defective condition (see Gronski v County of Monroe, 18 NY3d at 382; Agbosasa v City of New York, 168 AD3d at 796; Deerr'Matos v Ulysses Upp, LLC, 52 AD3d 645, 645).
Since the Supreme Court should have denied the City's motion without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), we reverse the order insofar as appealed from and vacate so much of the order as directed dismissal of the third-party complaint.
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court