Russo v Old Westbury Hebrew Congregation (2024 NY Slip Op 04216)

Russo v Old Westbury Hebrew Congregation

2024 NY Slip Op 04216

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2021-07454
 (Index No. 602682/17)

[*1]John Russo, respondent, 
v
Old Westbury Hebrew Congregation, et al., appellants.

Newman Law Associates PLLC, New York, NY (Jon E. Newman of counsel), for appellants.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered October 4, 2021. The order denied the motion of the defendant Old Westbury Hebrew Congregation for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal by the defendants CBS Corporation and CBS Broadcasting, Inc., is dismissed, as those defendants are not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Old Westbury Hebrew Congregation; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendant Old Westbury Hebrew Congregation.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when, while working on the production of a television show, he slipped and fell on ice in a parking lot owned by the defendant Old Westbury Hebrew Congregation (hereinafter OWHC). The production crew was working in the parking lot pursuant to a "PARKING AGREEMENT" between OWHC and CBS Productions, a business unit of the defendant CBS Broadcasting, Inc., which granted CBS Productions the right to enter OWHC's premises and park its vehicles there for one day. OWHC moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds, inter alia, that it was an out-of-possession landlord and did not create or have notice of the alleged dangerous condition. The plaintiff opposed the motion. In an order entered October 4, 2021, the Supreme Court denied the motion. OWHC appeals.
The Supreme Court properly denied OWHC's motion for summary judgment dismissing the complaint insofar as asserted against it. "Generally, a landowner owes a duty of care to maintain [its] property in a reasonably safe condition" (Gronski v County of Monroe, 18 NY3d 374, 379). "That duty is premised on the landowner's exercise of control over the property, as 'the person in possession and control of [the] property is best able to identify and prevent any harm to others'" (id., quoting Butler v Rafferty, 100 NY2d 265, 270). "It has been held uniformly that [*2]control is the test which measures generally the responsibility in tort of the owner of real property" (Ritto v Goldberg, 27 NY2d 887, 889). Here, the agreement granting CBS Broadcasting, Inc., the right to use OWHC's parking lot on the day of the accident is a license and not a leasehold interest, and as a result, OWHC "'remains in presumptive control over its property and subject to the attendant obligations of ownership until it is found that control was relinquished, either as a matter of law or by a factfinder after presentation of all of the evidence'" (D'Angelo v City of New York, 179 AD3d 1015, 1016, quoting Gronski v County of Monroe, 18 NY3d at 382). The evidence submitted in support of OWHC's motion did not establish, prima facie, that OWHC relinquished control of the premises such that it owed no duty to the plaintiff to maintain the premises in a reasonably safe condition (see D'Angelo v City of New York, 179 AD3d at 1016).
"'In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence'" (Blackman v Red Lobster Hospitality, LLC, 222 AD3d 825, 826, quoting Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). "Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598). Here, OWHC's submissions failed to establish, prima facie, that it did not have actual or constructive notice of the alleged condition which allegedly caused the plaintiff's fall (see Stevens v St. Charles Hosp. & Rehabilitation Ctr., 165 AD3d 729, 730; Gyokchyan v City of New York, 106 AD3d 780, 782).
Since OWHC failed to meet its prima facie burden, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied OWHC's motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court